# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2452SD

_____

William Kindle, individually and as             *
President of the Rosebud Sioux Tribe;           *
Rosebud Sioux Tribe, both as a                  *
governmental and corporate entity,              *
                                                *
            Appellants,                         *
                                                *
      v.                                        *
                                                *
                                                *
Morisset, Schlosser, Ayer & Jozwiak,            *
also known as Pirtle, Morisset,                 *
Schlosser & Ayer, a professional                *
service corporation, and its predecessor        *   On Appeal from the United
in interest; Mason D. Morisset, both            *   States District Court
individually and as a member and                *   for the District of
employee of Morisset, Schlosser, Ayer           *   South Dakota.
& Jozwiak, and as a member and                  *
employee of its predecessor in interest,        *
Pirtle, Morisset, Schlosser & Ayer, a           *
professional corporation; K. Allison            *
McGaw, both individually and as a               *
member and employee of Morisset,                *
Schlosser, Ayer & Jozwiak, a                    *
professional service corporation and as         *
a member and employee of its                    *
predecessor in interest, Pirtle,                *
Morisset, Schlosser & Ayer, a                   *
professional service corporation; and           *
Patricia A. Marks, both individually            *
and as a member and employee of                 *

Morisset, Schlosser, Ayer & Jozwiak,     *
a professional service corporation and   *
as a member and employee of its       *
predecessor in interest, Pirtle,          *
Morisset, Schlosser & Ayer, a            *
professional service corporation,       *
                                         *

             Appellees.          *

_____

Submitted: March 16, 2000
Filed: June 28, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MURPHY, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This is an action for legal malpractice, and the question presented is whether the District Court[1] correctly determined, on summary judgment, that the action was barred by the three-year South Dakota statute of limitations. This issue, in turn, depends on whether the defendant law firm continued to represent the plaintiffs until a date less than three years before the filing of the complaint. The plaintiffs are the Rosebud Sioux Tribe and its president, William Kindle. The defendants are the law firm of Morisset, Schlosser, Ayer & Jozwiak and three of its members. We hold that the District Court correctly determined as a matter of law that the action was barred by limitations. The law firm's representation of the plaintiffs had, under the relevant case law, terminated more than three years before the commencement of this action.

_____

[1]The Hon. Richard H. Battey, United States District Judge for the District of South Dakota.

The case arises out of a construction dispute between the Tribe and a company called Val-U Construction Co.[2]  Plaintiffs' basic claim is that the law firm gave them wrong advice about the Tribe's sovereign immunity.  We of course express no opinion as to whether the law firm behaved negligently or unprofessionally.  The only issue before us on this appeal is the question of the running of the statute of limitations.

In South Dakota, the statute of limitations on legal-malpractice actions is three years, and it is an "occurrence" statute.  That is, the statute begins to run at the time of the allegedly unprofessional or negligent advice.  S.D. Codified Laws § 15-2-14.2 (Michie 1984) reads as follows:

> An action against a licensed attorney, his agent or employee, for malpractice, error, mistake or omission, whether based upon contract or tort, can be commenced only within three years after the alleged malpractice, error, mistake or omission shall have occurred.  This section shall be prospective in application.

The complaint in this case was filed on March 20, 1997.  It is undisputed that all of the acts of the law firm that the plaintiffs allege were negligent occurred more than three years before this date.  Accordingly, on the face of the statute, the action would appear to be barred.  South Dakota, however, has adopted the "continuous representation" doctrine, under which the statute is tolled, that is, does not begin to run, until the client's representation by the defendant lawyer has terminated.  Schoenrock v. Tappe, 419 N.W.2d 197, 200-01 (S.D. 1988).  The Schoenrock Court had this to say about what it meant by continuing representation:

_____

[2]For the underlying litigation, see Rosebud Sioux Tribe v. Val-U Construction Co., 50 F.3d 560 (8th Cir. 1995), opinion after remand, 146 F.3d 573 (8th Cir. 1998).

> We hold . . . that the continuous representation doctrine applies only to malpractice actions when there [are] "clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney . . .." Muller v. Struman, 79 A.D.2d 482, 485, 437 N.Y.S. 2d 205, 208 (1981) . . .. This relationship is one "which is not sporadic but developing and involves a continuity of the professional services from which the alleged malpractice stems." Muller, supra, 437 N.Y.S. 2d at 208.

Schoenrock, 419 N.W.2d at 201. The burden is on the plaintiffs, as the parties seeking to toll the statute of limitations, to establish that the continuing-representation doctrine applies. Keegan v. First Bank of Sioux Falls, 519 N.W.2d 607, 615 (S.D. 1994).

So the question presented in the present case comes down to this: on the summary judgment record that was before the District Court, is it clear as a matter of law that the Morisset firm's representation of the Tribe did not continue until March 20, 1994, or some later point? We believe the answer is yes. Difficulties had arisen between the Tribe and the law firm, principally in the form of the Tribe's failure to pay the law firm's bills. In addition, the underlying case, which was at the relevant time pending in the District Court, was about to come to an end. The law firm advised the Tribe that it was going to move for leave to withdraw as counsel. On February 25, 1994, the law firm made just such a motion, and the District Court (Jones, J.) granted it. This action of the Court, which was made during a telephone conference, was memorialized in minutes entered by a courtroom deputy as follows:

> Ordered that the motion to withdraw of Mason Morisset and Kay Allison McGaw is granted.

-4-

Joint Appendix (J.A.) 74. It is our view that the law firm's representation of the Tribe terminated at that point.

The Tribe makes two main arguments against this conclusion. First, it says, the law firm's withdrawal was not actually effective until March 29, 1994, when the Court entered a written order dismissing all claims in the case. J.A. 135-36. And, in fact, this written order of dismissal, the provisions of which were reiterated in a formal judgment entered the next day, did contain the following provision:

> The Court further finds that the application of Mason D. Morisset and Kay Allison McGaw to withdraw as counsel for the plaintiff should be granted.

J.A. 136. We do not think that the Court's repetition, in its order of March 29, 1994, of what had already been done is legally significant for present purposes. At the time of the telephone conference, the Court could not enter a final order dismissing the case, because claims of other parties remained to be disposed of. The minutes of the conference call on February 25, 1994, state that a final order dismissing the case will not be signed until March 29, 1994, but they do not say that the motion of counsel for leave to withdraw will not be effectively acted upon before that date. The plain language of the Court's minutes indicates that counsel's withdrawal took place on February 25, and we so hold.

The Tribe also emphasizes that the law firm continued to do some work at least until April 6 and 7, 1994. It is true that the law firm sent a bill to the Tribe reflecting services rendered on those two days. These services total 1.3 hours, and the bill reflects that the law firm had reported to the Tribe that the case had been formally dismissed. In addition, on May 5, 1994, a member of the law firm wrote to the Tribe summarizing the status of the case and advising it that the Tribe needed to retain other counsel to handle the appeal, which, by that time, Val-U Construction had filed. The

letter also advised the Tribe that it would be futile to sue sureties, as they were believed to be judgment-proof.

There is no question that continuing services of some type were performed. We must be mindful, however, of how the Supreme Court of South Dakota has defined continuous representation. There must be "clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney . . .." Schoenrock, supra, 419 N.W.2d at 201. The relationship must be one "which is not sporadic but developing . . .." Ibid. The services performed by the law firm in the present case after March 20, 1994, were not significant. They were in the nature of a winding-down of a relationship that had already been terminated. Even if the relationship could be characterized as "ongoing" in some minimal sense, we do not think it was "developing" or "dependent." The relationship had ceased to develop. It was in its final stages, and the Tribe was no longer dependent on the law firm. It had been clearly advised that the law firm would not handle any appeal, and that the law firm had been allowed to withdraw by the District Court. In addition, before the motion to withdraw had even been filed, the Tribe had reviewed the case with its own general counsel, a different set of lawyers.

The Tribe's position on this appeal is an arguable one, certainly not frivolous. On balance, however, we conclude that there was no genuine issue of material fact with respect to the existence of a continuing representation as that term is defined by South Dakota case law. Accordingly, the judgment of the District Court, dismissing the complaint with prejudice on the ground of limitations, is

Affirmed.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.